SCHOTT, Chief Judge.
Plaintiffs who are members of the Orleans Parish Democratic Executive Committee (OPDEC) obtained in' the trial court an injunction against the Secretary of State of the State of Louisiana prohibiting him from conducting elections on November 3, 1992 for membership on OPDEC. This appeal is by an individual who intended to run for a seat on OPDEC.
Appellees filed a motion to dismiss the appeal on the grounds that 1) it was not taken within twenty-four hours after the rendition of judgment by the trial court as required by LSA-R.S. 18:1409(D); and 2) appellant is neither a party to the suit nor an intervenor and, therefore, lacks standing to take the appeal. Neither argument has merit.
R.S. 18:1409 is inapplicable to this suit. This section is a part of Part I of Chapter 9 of the Election Code, R.S. 18:1401 et seq., dealing with objections to candidacy and contests of elections. The law authorizes a qualified elector to bring an action objecting to the candidacy of a person who has qualified to run in an election, § 1401(A), or an unsuccessful candidate to bring an action to set aside the election on the theory that he would have been elected, but for unlawful conduct or activities on the part of the winner. § 1401(B). § 1409 specifically limits itself to actions objecting to candidacy or contesting an election. Appellant is in neither of these classes. Therefore, the delay for this appeal was fifteen days from the date of the judgment, C.C.P. art. 3612, and the appeal was timely.
As to appellees’ other ground for the dismissal it does not matter that appellant was neither a party nor an intervenor in the trial court. A person who could have intervened in the trial court may appeal. C.C.P. art. 2086. Since appellant had an interest in the action brought by appellees he could have intervened. C.C.P. art. 1091. Consequently, he has standing to appeal.
Having concluded that appellees’ motion to dismiss the appeal is without merit we turn to the merits of the appeal itself. The pertinent law governing the election of members of OPDEC is R.S. 18:444(B)(2). As amended by Act 119 of 1987 this provides as follows:
Members of a parish executive committee of a recognized political party in Orleans Parish shall be elected every four years at the same time as the primary election for the municipal officers for the city of New Orleans. Beginning in 1991, members of such parish executive committee shall be elected every four years at the same time as the gubernatorial general election.
In compliance with this law the Secretary of State conducted the OPDEC elections in February 1990, when the New Orleans municipal election took place. This was four years after the previous OPDEC elections which were conducted during the 1986 municipal elections pursuant to the version of R.S. 18:444(B)(2) as last previously amended by Act 672 of 1982. Also, in accordance with the 1987 statute pursuant to which appellees ran in 1990, the Secretary of State made plans to conduct OPDEC elections in 1991 at the same time as the gubernatorial general election. This plan was stymied by the delay in the process of obtaining preclearance by the United States Department of Justice of the City’s reapportionment plan.
*1008 In the meantime, the Secretary of State declined to conduct OPDEC elections at the 1991 gubernatorial election and he announced that the elections would be conducted at the next available election date following preclearance by the Justice Department. Preclearance was obtained in July 1992, and the next available general election day is the presidential election on November 3.
Appellees’ principal contention seems to be that their terms would be shortened from four years if they must run in November. But when they were elected in 1990 they had full knowledge of the law which intended for them to run again in 1991. They have already been the beneficiaries of an extended term because of the vagaries of federal law. It is difficult to understand their claims of disaccommodation by being forced to run for reelection in 1992 when'they should have run in 1991.
When the Secretary of State is prohibited from conducting an election mandated by state law because of some superseding force as in this case simple logic dictates that he should conduct the election as soon as the prohibition is removed. Otherwise, when would appellees be required to run again? At the next gubernatorial election? This would enable them to hold on to their offices until 1995 even though the law required them to seek reelection in 1991.
Accordingly, the judgment of the trial court is reversed and the injunction prohibiting the Secretary of State from conducting the November 3, 1992 elections for members of OPDEC is dissolved. Appel-lees’ suit is dismissed at their cost.
REVERSED AND RENDERED INJUNCTION DISSOLVED.